UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                       CASE NO.

**JACQUELINE ROBERTS**                          **04-13810**

DEBTOR                                                    CHAPTER 7

## MEMORANDUM OPINION

Debtor Jacqueline Roberts sought to exempt an annuity contract she purchased about six weeks before filing her chapter 7 petition on November 17, 2004.[1] Trustee Samera L. Abide objected based on La. R.S. 13:3881(D). The material facts are not disputed.

The Court sustains the trustee's objection.

### FACTS

The debtor concedes that on an unspecified date in 2003,[2] she withdrew all the funds in her 401(k) plan account, and used some of them to buy her home on or about June 13, 2003.[3] Nearly sixteen months later, on October 4, 2004, the debtor purchased an annuity from ING USA Annuity and Life Insurance Company for $7,500.00.[4] The record contains no evidence of the place or form in which the debtor held the balance of the retirement account distribution for nearly sixteen months before she used it to buy the annuity.

The debtor's attorney acknowledged at the hearing on the trustee's objection that the debtor used funds she withdrew from her 401(k) plan account to buy the annuity. However, the

---

[1] The trustee also objected to the debtor's initial claim of a homestead exemption of $121,000, and personal exemptions of $7,500 for the annuity and for all her household furnishings. In response, the debtor amended her Schedule C, which mooted the objections to the homestead and household furnishings exemptions.

[2] The debtor's 2003 tax return (exhibit Trustee 8) reflects that she paid income taxes on the withdrawal in 2003.

[3] Schedule D indicates that the debtor purchased her home on June 13, 2003.

[4] Trustee's Pre-Hearing Memorandum in Support of her Objection to Property Claimed Exempt by the Debtor, Exhibit T-7 (P-15). The trustee's exhibit also indicates that the annuity was "non-qualified," meaning that it was funded with money already taxed.

debtor contends that the transaction was not a "contribution" to the annuity, but simply a transfer from one tax deferred arrangement to another.[5]

The debtor filed a chapter 7 petition on November 17, 2004, less than six weeks after she purchased the annuity.

## ANALYSIS

Pursuant to Fed. R. Bankr. P. 4003(c), the trustee as the objecting party bears the burden of proving, by a preponderance of the evidence, that the debtor is not entitled to the exemption. *In re Shurley*, 163 B.R. 286, 291 (Bankr. W.D. Tex. 1993).

The starting point for analysis of exemptions is 11 U.S.C §541. That statute brings into the bankruptcy estate all property in which a debtor had a legal or equitable interest at the commencement of the bankruptcy. 11 U.S.C. §541(a). After filing bankruptcy, an individual debtor may exempt property under 11 U.S.C. §522 that otherwise would be property of the estate. *In re Bunker*, 312 F.3d 145, 150-51 (4th Cir. 2002).

Louisiana has chosen to allow individual debtors filing bankruptcy in Louisiana to exempt only property exempted from seizure by applicable Louisiana non-bankruptcy law. 11 U.S.C. §522(b)(2)(A); La. R.S. 13:3881(B)(1); *In re Black*, 225 B.R. 610, 613 (Bankr. M.D. La. 1998). As a result, annuity contracts in bankruptcies filed in Louisiana may be exempted only pursuant to La. R.S. 13:3881, La. R.S. 20:33 and La. R.S. 22:647. The specific statute at issue here is La. R.S. 13:3881.

Under La. R.S. 13:3881(D)(1), individual debtors generally may exempt "annuity contracts and, all proceeds of and payments under… annuity contracts" from the bankruptcy estate. This provision is subject to an exception: "[n]o contribution to… an annuity contract …

---

[5] Debtor's Memorandum in Opposition of [sic] Trustee's Objection to Property Claimed Exempt (P-19), p.2.

shall be exempt if made less than one calendar year of the date of filing for bankruptcy, whether voluntary or involuntary...." La. R.S. 13:3881(D)(2).

However, La. R.S. 13:3881(D)(2) also provides that "[a] transfer from one tax-deferred arrangement to another or from one annuity contract to another shall not be considered a contribution for [the] purpose of [La. R.S. 13:3881(D)(2)]."

At issue in this case is whether the debtor's purchase of the annuity contract with some of the proceeds of her 401(k) plan was a transfer within the scope of La. R.S. 13:3881(D)(2). If it was, the annuity may be exempt from the estate.

Section 3881 of title 13 does not define *transfer*. Moreover, the jurisprudence offers only one example of a transfer from a tax deferred arrangement that fell within the protection of the statutory language preserving the exemption. *Metairie Bank and Trust Co. v. Ward*, 735 So.2d 780 (La. App. 4th Cir. 1999). In that case, less than a year before the creditor's writ of seizure the former husband transferred one-half of the funds in an individual retirement account to his former wife, pursuant to a community property partition agreement. The funds were moved by wire, directly from the former community's account to an account the ex-wife opened at another institution.

The *Ward* court turned to the Internal Revenue Code for aid in interpreting La. R.S. 13:3881. Relying in part on 26 U.S.C. §408(d)(6),[6] the court held that because the community owned the IRA, the movement of funds to the former wife's account in connection with the partition was neither a *contribution* nor a *distribution*, but merely a *transfer*. Therefore, the funds remained exempt. 735 So.2d at 782.[7]

---

[6] Section 408 of the Internal Revenue Code provides for the establishment and tax treatment of individual retirement accounts ("IRA's").

[7] The text of La. R.S. 13:3881 was amended after the Fourth Circuit issued its decision in *Ward*.

- 3 -

In contrast with the facts in *Ward*, this debtor did not attempt to protect the tax-deferred status of her 401(k) account. The transaction certainly was not a *transfer* when judged by the light of *Ward*, because the funds lost their tax deferred status once the debtor withdrew them from her 401(k) plan and paid taxes on the distribution.[8] The sixteen-month period between the debtor's withdrawal of the funds from the exempt account and the debtor's subsequent purchase of the annuity contract, combined with the loss of tax deferred status, is inconsistent with the concept of *transfer* set forth in La. R.S. 13:3881(D)(2). The transaction was a distribution, not a transfer. Therefore, by implication the debtor's use of part of her 401(k) plan distribution to buy the annuity contract was a *contribution* within the meaning of La. R.S. 13:3881(D)(2).

A second basis for concluding that the annuity is not exempt is the plain language of La. R.S. 13:3881(D)(2), which preserves the exemption only if funds are transferred from one tax deferred arrangement to another, or one annuity to another. Because the debtor used a distribution from a tax deferred arrangement to buy an annuity contract, the annuity purchase is not a *transfer* protected by the statute, even if the debtor had transferred the funds directly (and promptly) into an annuity.

## CONCLUSION

The debtor's annuity contract is not exempt under La. R.S. 13:3881.

Baton Rouge, Louisiana, August 10, 2005.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[8] Qualified pension and profit sharing plans (also known as "401(k) plans") are established pursuant to 26 U.S.C. §401. Pursuant to 26 U.S.C. §402(c)(1) and (3), distributions from a qualified plan may be rolled over to a different qualified plan without payment of taxes on the distribution, as long as the rollover takes place no later than 60 days after the distributee receives the plan distribution.